IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RALPH BYRD SCREETON, IV                                              PLAINTIFF

v.                          Civil No. 2:24-CV-02001-PKH

TRINITY MULTI-FAMILY                                                 DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Plaintiff proceeds *pro se*.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915(e)(2). Under this provision, the Court is required to screen any complaint in which a Plaintiff seeks to proceed *in forma pauperis*.

### I.     BACKGROUND

Plaintiff filed his Complaint and Motion to Proceed *in forma pauperis* ("IFP") in the Eastern District of Arkansas on December 14, 2023. (ECF Nos. 1, 2). His case was transferred to this District on January 5, 2024. (ECF No. 4). Plaintiff's Motion to Proceed IFP was referred to the undersigned that same day.

In his Complaint, Plaintiff indicates the basis for jurisdiction in this case is a federal question. (ECF No. 2 at 3). He identifies the federal sources of law as:

> 18 U.S.C. 1589, 18 U.S.C. 1590, 18 U.S.C. 1591; Title 29, Sub.title B, Ch. V, Sub Ch. B, parts 775,779,785; U.S.C, Title VII of the Civil Rights Act of 1964; Title 29 SECTION 1604.1142 U.S. Code § 12203; AR ll-4-301,ll-4-607,ll-4-608-ll-4-612,ll-101,11-8-108(2020);

1

(*Id*.). For his statement of the claim, Plaintiff alleges:

> Ralph B Screeton employer physical harmed him with a attempted to run him with a car, and then retaliation would be taken out on Mr. Screeton in his work place for over a year. Than again Mr. Screeton got hit in the head which caused a concussion; this happened as his boss drove him home from a work related dinner. He would be sexual, and verbally harassed by his asset managers as well as Trinity multi-families staff. He also suffers from PTSD from his work place as he would be present from a resident's death, present during gun fire on the complex, and witness to many crimes. During which all crimes would be reported to the state in which they happened, and the federal offices that hold parts of his protection as a witness to federal crimes. All do to the mismanagement of the assets, and the staff at the onsite locations.

(*Id*. at 5).

Plaintiff seeks an apology and punitive damages, payment of wages, and refunded costs of medical care and medical insurance. He also seeks a variety of other monetary damages. (*Id*.).

## II.    LEGAL STANDARD

Under § 1915(e)(2), the Court is obliged to screen any complaint prior to service of process being issued when the plaintiff seeks to proceed IFP. The Court must dismiss a complaint, or any portion of it, if the claims asserted are frivolous, malicious, fail to state claims upon which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.     ANALYSIS

Plaintiff's claims are subject to dismissal.  Plaintiff names sections from Title 18 of the United States Code as part of the basis for his federal question jurisdiction.  Title 18 details federal crimes and criminal procedure.  "Plaintiff cannot bring criminal charges against any Defendant, as a private citizen has no right to institute criminal prosecution." *Asbury v. Oboma*, Case No. 3:17-CV-03103, 2018 WL 770185 at *2 (W.D. Ark. 2018) (citing *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *In re Kaminski*, 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989)).

Plaintiff also appears to cite sections within Title 29 of the Code of Federal Regulations, as well as Title VII of the Civil Rights Acts.  Plaintiff does not, however, allege how any fact he states in his complaint is related to these citations and the Court will not speculate.  As such, Plaintiff has failed to state any cognizable federal claims.  *See Martin*, 780 F.2d at 1337 (even a pro se plaintiff must allege sufficient specific facts to support a claim).

Finally, Plaintiff cites several Arkansas statutes. Pursuant to 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over state law claim when it has dismissed all claims over which it has original jurisdiction. As Plaintiff has failed to state any cognizable federal claims, the Court declines to exercise supplemental jurisdiction in accordance with the provisions of § 1367(c)(3).

## IV.     CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 2) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of February 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE